JAMES CLARK v. THE STATE OF KANSAS, *ex rel.* EVA SUMNEY.

No. 305.

BASTARDY—*Evidence—Examination by Physician.* In bastardy proceedings, where the relatrix and the defendant agree that a physician shall make an examination for the purpose of determining the duration of pregnancy, *held*, that certain statements made by the relatrix to the physician during the examination were competent.

Error from Edwards district court; J. E. ANDREWS, judge. Opinion filed May 16, 1899. Reversed.

*J. C. Ellis, W. N. Beezley*, and *F. Dumont Smith*, for plaintiff in error.

*A. C. Dyer*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: In the district court of Edwards county, the plaintiff in error was adjudged to be the father of the illegitimate child of the complaining witness and ordered to pay the sum of fifty dollars annually for its support for a period of twelve years, and costs of suit. The prosecuting witness testified that the first intercourse took place about the 15th of July. The plaintiff in error testified that the first intercourse

Clark v. The State.

took place on August 3. The plaintiff in error doubted his paternity of the unborn child and the chastity of the witness at the time of his first connection with her. Plaintiff in error proposed that witness be examined by a competent physician and, if the examination disclosed that her pregnancy was of not more than four months' duration, he would regard himself as the author of the girl's trouble and would marry her. The offer was finally accepted, and Doctor Pearson, a reputable practicing physician, was agreed on to make the examination. The examination was made, and, in the judgment of the examining physician, it disclosed that the pregnancy was more than six months advanced. On the trial of the case, Doctor Pearson testified as to the result of the examination, but the trial court refused to permit him to testify that during the examination the complaining witness stated to him that the first connection took place, as stated by defendant, on August 3. The refusal of the trial court to admit this testimony is the first error assigned.

The evidence was excluded on the theory that it was a confidential communication, and therefore incompetent. Paragraph 4418, General Statutes of 1889 (Gen. Stat. 1897, ch. 95, § 334), provides: "The following persons shall be incompetent to testify: A physician or surgeon, concerning any communication made to him by his patient with reference to any physical disease, or any knowledge obtained by a personal examination of such patient." The provisions of this section cannot be construed to cover the facts as disclosed by the record in this case. Doctor Pearson was not present as the physician of the complaining witness; she was not his patient; the examination was not made for the pur-

pose of treating her for any physical or supposed physical disease. She agreed and submitted to the examination for the sole purpose of satisfying the plaintiff in error as to whether he was the father of the child. She knew that the result of the examination was to be made known to her parents and to the plaintiff in error, before she submitted to it. Under such circumstances, statements made by her to the physician during the examination as to the time when the first connection took place cannot be regarded as confidential. (*K. C. Ft. S. & M. Rld. Co. v. Murray*, 55 Kan. 336; *People v. Cole*, 71 N. W. 455.)

In the case of *Nesbit v. The People*, 19 Colo. 441, 36 Pac. 221, it is said :

" The testimony of Doctor Eskridge was further objected to on the ground that his consultation with the accused was professional and confidential, and that any communication made by the accused, and any information gained by the physician in the course of such consultation, were privileged, and could not be divulged without the consent of his patient, the defendant. This ground of objection is not sustained by the record. The consultation was mutual, not confidential. It was not secured by the accused in his own behalf and for his own sake alone. It was agreed to between the prosecution and the defendant for the express purpose of enabling the physician to testify as to defendant's mental condition. It cannot be that defendant could seek and obtain such an examination at the hands of the court, and with the consent of the prosecution, with the privilege of introducing the testimony if the result of the examination should be favorable to him, and yet reserve to himself the power of excluding the testimony if it should be unfavorable. The objection to the admissibility of the testimony was properly overruled. Its weight was for the jury, to be considered in connection with other testimony upon the same subject.''

Under the circumstances, the statements made by the relatrix, during the examination, to the physician were competent. Several errors are assigned, but for reasons given the judgment of the district court is reversed and a new trial ordered.