[No. 6809. Decided December 16, 1907.]

THE STATE OF WASHINGTON, *Respondent*, v. NELS WINNETT, *Appellant*.[1]

RAPE — EVIDENCE — INTENT — STATEMENTS OF DEFENDANT.    In a prosecution for rape, a statement by defendant antedating the commission of the crime is admissible, where it showed his state of mind and intention to commit the crime.

SAME—WITNESSES—PRIVILEGE—PHYSICIANS.    In a prosecution for statutory rape upon one under the age of consent, evidence as to pregnancy, by a physician who had made an examination, is admissible, where the relation of physician and patient did not exist, and no confidence was violated.

SAME—TESTIMONY OF WIFE.    In a prosecution for statutory rape upon one under the age of consent, who had since married the defendant, it is error to require the wife to appear in court for the purpose of being identified by a witness, when her condition as to pregnancy was apparent and could be observed by the jury, thereby in reality compelling the wife to become a witness against the defendant.

SAME—CRIMINAL LAW—TRIAL—IMPROPER CONDUCT OF COUNSEL.    In such a case, it is improper to call the wife to testify for the purpose of parading her condition before the jury and compelling the defendant to urge an objection which would tend to prejudice his case; and the same would be ground for reversal where it tended to prejudice the rights of the defendant.

[1]Reported in 92 Pac. 904.

Appeal from a judgment of the superior court for Columbia county, Miller J., entered February 8, 1907, upon a trial and conviction of the crime of rape. Reversed.

*Will H. Fouts* and *Hardy E. Hamm*, for appellant.

*R. M. Sturdevant*, for respondent.

DUNBAR, J.—The defendant was convicted of statutory rape, alleged to have been committed on the person of Bessie Braden, she being at the time of the alleged offense under the age of eighteen years. Appellant was sentenced to two years' imprisonment in the penitentiary. Between the alleged commission of the crime and the trial of the cause, appellant and Bessie Braden were married, and she was his wife at the time of the trial. All of the witnesses, except the father of Bessie, were excluded from the courtroom during the trial.

The appellant's first contention is that the court erred in overruling objections to the testimony of witness Adkins, for the reason that the statement made by the appellant to said witness antedated the alleged commission of the crime and was neither an admission nor a threat. The disgusting obscenity of the statement testified to by Adkins will not permit its reproduction here. Suffice it to say that it showed what the mind of the appellant then was, and his intention to commit the crime alleged if opportunity presented, and was admissible under all authority.

It is also contended that the court erred in allowing Dr. Van Patten to testify, over appellant's objection, to the result of an examination made by him, whereby he ascertained, and so testified, that Bessie Winnett, nee Braden, was in a family way. There is nothing here tending to show that the relation of physician and patient existed between them, or that any confidential relation whatever existed. The record does not indicate, but presumably the examination was made at the instance of the state, and was made for the purpose of publishing the result of the examination. No confidential re-

lation appears to be violated. The case does not come within the spirit or reason of the law which prohibits physicians from giving information acquired in attending a patient, and no error was committed in admitting the testimony objected to.

We have examined the record with reference to the other alleged errors in the admission and rejection of testimony, but with the exception of two alleged errors, which we will hereafter refer to, there is no merit in appellant's several contentions in that regard.

During the testimony of Dr. Van Patten, the prosecution asked that appellant's wife be brought into the courtroom, ostensibly to be identified by the witness as the same person whom he had examined that day. This was strenuously objected to by the appellant, but the objection was overruled, and the wife was called. It is contended by the appellant that, notwithstanding the fact that the law will not permit the wife to testify against him without his consent, by this pretense she was actually made an exhibit for the state. We think the appellant has just ground for complaint in this respect. The wife was in reality a witness against him, by being brought in sight of the jury where her condition as to pregnancy, which was a fact which the state sought to prove, could be observed and noted by the jury. This might have been evidence of the most convincing and telling character, and being produced before the jury, just after the testimony of Dr. Van Patten in relation to her pregnancy and the possible length of time which she had been in that condition— presumably six months, it would not be slanderous to impute to the jurors a careful scrutiny of the witness with a view of determining for themselves the probable correctness of the doctor's diagnosis. The result was that, while the wife could not testify as to her condition, by this subterfuge she actually did testify in a manner more convincing than mere words would have been.

It is contended by the respondent that the record does not actually show that she was brought into the courtroom in

actual view of the jury; but an examination of the record does not sustain this contention, for while it does not show the exact position of the witness, it does show that she was brought in by order of the court and was identified by Dr. Van Patten, thereby making her particularly conspicuous. It does not seem that it was at all necessary to parade her in the court-room for the purpose suggested. The doctor could have testified that he knew Bessie Winnett, the wife of the appellant, and that it was she whom he had examined, just as such identifications are ordinarily made. The whole record shows that the proceeding was rather theatrical, and as such had no proper place in a court of justice. *State v. Carter*, 8 Wash. 272, 36 Pac. 29.

Again, the appellant's wife was called to testify for the prosecution, and the appellant was compelled to object to her testifying, and while this of itself might not be sufficient to reverse a judgment correctly obtained in other respects, it tends to throw light on the effort of the prosecution in the instance above discussed and to show a fixed determination to bring the person of the wife to the attention of the jury. The practice of compelling a defendant to urge an objection which would tend to prejudice his case was severely criticized by this court in *State v. Holedger*, 15 Wash. 443, 46 Pac. 652, and *State v. Parker*, 25 Wash. 405, 65 Pac. 776.

We think the course of conduct pursued by the prosecution in forcing the person of the wife upon the attention of the jury tended to prejudice the rights of the appellant, and for that reason the judgment should be reversed and a new trial granted.

It is so ordered.

HADLEY, C. J., CROW, ROOT, MOUNT, FULLERTON, and RUDKIN, JJ., concur.