## JOHN BLACK v. STATE.

No. A-550. Opinion Filed March 8, 1910.

(107 Pac. 524.)

1. **APPEAL—Refusal of Change of Venue—Discretion.** A petition for a change of venue is addressed to the sound discretion of the trial court, and the judgment below will not be reversed by this court for the failure to grant the change of venue unless it clearly appears that the discretion of the court was abused to the prejudice of the defendant.

2. **VENUE—Change of—Sufficiency of Petition.** The petition for change of venue in this case fails to meet the statutory requirements, and there can be no error in the trial court for refusing the change.

3. **APPEAL—Review—Assignment of Error.** Assignments of error based on evidence not incorporated in the case-made, and not before the court by bill of exceptions, cannot be considered by this court.

(Syllabus by the Court.)

*Error from District Court, Hughes County; John Caruthers, Judge.*

The plaintiff in error, John Black, was tried at the November term of the district court for Hughes county on an information charging him with murder. He was convicted on the 4th day of November, 1909, and his punishment fixed at death. The case is before us on appeal. Affirmed.

*B. N. Hicks,* and *W. T. Anglin,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

OWEN, JUDGE. The petition in error filed in this case recites six assignments. The first assignment is that the court erred in overruling the demurrer of the defendant to the information filed against him. The second and third assignments are to the action of the court in overruling the motion of the defendant for a change of venue, and a refusal of the court to permit the defendant to take testimony in open court in support of the same. Assignments 4, 5, and 6 refer to the action of the court based on evidence offered in the lower court, but not incorporated in the case-made, and for that reason the questions raised under these assignments cannot be considered by this court. The case-made does not include the instructions of the court, the evidence offered before the jury, or any of the evidence offered in support of the motion for a new trial. It does contain the information, defendant's demurrer thereto, affidavit for change of venue filed by the defendant, his application to take oral proof in support of the same, verdict of the jury, motion for a new trial, and proof of settling and signing the case-made. There are no briefs filed on part of plaintiff in error, but this being a capital case and the punishment fixed at death, we have carefully examined the entire record as contained in the case-made without the assistance of a brief.

The information in this case is in the usual form and charges the defendant with the crime of murder. We find no error in the action of the court in overruling defendant's demurrer to the same.

The application for change of venue is in regular form, and alleges that, owing to the prejudice and feeling against the defendant in Hughes county, he cannot have a fair and impartial trial in said county. This application is supported by the affidavit of three disinterested persons as required by the statute. Section 6766, Comp. Laws 1909, governs this matter, and is as follows:

"Any criminal cause pending in the district court may, at any time before the trial is begun, on the application of the defendant, be removed from the county in which it is pending to some other county in said judicial district, whenever it shall ap-

pear in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein. Such order of removal may be made on the application of the defendant by petition, setting forth the facts verified by affidavit, if reasonable notice of the application be given to the county attorney and truth of the allegations in such petition be supported by the affidavits of at least three credible persons, who reside in said county."

. It will be noticed that the language of this statute is: "Whenever it shall appear in the manner hereinafter provided." A grant of change of venue is within the sound discretion of the court, even when the requirements of the statute have been complied with, and this court has repeatedly held that it will not reverse the judgment of the lower court for the failure to grant a change of venue unless it plainly appears that the discretion of the court has been abused to the prejudice of the defendant. The journal entry recites the fact that the attorneys for the defendant requested the court to issue subpœnas for witnesses and permit them to take oral proof in support of a change of venue, and gave as a reason therefor that while the feeling was very high and prejudice very strong against the defendant, yet they were unable to secure the affidavit of any person to these facts. Counsel cites no authority for this kind of a proceeding. The statute provides the only method of proof. We find no error in the action of the court in refusing this request and in overruling the motion for a change of venue.

The evidence before the trial court referred to in the other assignments of error, not having been incorporated in the case-made and not before this court, no consideration can be given to the same.

The judgment of the lower court must be affirmed. It is therefore ordered and adjudged by this court that the sheriff of Hughes county proceed to carry out the judgment of the district court of Hughes county in this case and that the defendant be

executed on the 15th day of April, 1910, according to said judgment as rendered by that court.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.