TOM ADAMS v. STATE.

No. A-4064.    Opinion Filed May 26, 1923.
Rehearing Denied Dec. 4, 1923.
(220 Pac. 59.)

(Syllabus.)

1.    Venue—Refusal of Change of Venue Where Petition Insufficient. Where the petition for a change of venue fails to meet

the statutory requirements, there is no error in the trial court in striking the petition from the files and refusing the change.

2. **Appeal and Error—Trial—Instructions on Accomplice—Failure to Instruct as to Corroboration not Error Unless Instruction Requested.** Whether or not one jointly charged with defendant with the commission of the crime is an accomplice is generally a mixed question of law and fact, and, where the evidence is conflicting on such issue, the trial court should submit the question to the jury under proper instructions, and should further instruct as to the necessity of corroborating an accomplice by independent evidence tending to connect defendant with the commission of the crime; but failure to instruct as to the necessity of such corroboration will not be held to be reversible error where no such instruction was requested, and where there is ample corroborating evidence introduced; such alleged error being harmless under the provisions of section 2822, Comp. St. 1921.

3. **Statutes—Sufficiency of Title to Act Making it Felony to Steal Automobile.** The title to the act (chapter 102, Sess. Laws 1919; section 2120, Comp. St. 1921) is held not to be in contravention of section 57, art. 5, Constitution.

Appeal from District Court, Nowata County; C. W. Mason, Judge.

Tom Adams was convicted of the larceny of an automobile, and he appeals. Affirmed.

Bert Van Leuven, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Sp. Asst. Atty. Gen., for the State.

MATSON, P. J. Plaintiff in error, Tom Adams, was jointly informed against with one Emmett Taylor in the district court of Nowata county charged with the theft of an automobile the property of one William Myers, alleged to have occurred in said county on or about the 18th day of December, 1920. On a separate trial Adams was found guilty of the offense, and his punishment fixed at imprisonment in the state penitentiary for a period of 15 years.

The facts are about as follows: William Myers was the owner of a Buick Six automobile, 1920 touring model. When not in use Myers kept his car in a public garage in the city of Nowata. On the 18th day of December, 1920, a daughter of Myers', who had been using the car, took the same to the garage for the purpose of leaving it there. This occurred about 4:30 in the afternoon. The owners of the garage were at that time busy cleaning it out, and had the Myers girl to park the car in the street near the garage. One of the employes of the garage saw the car parked there as late as 6:30 in the evening. The car was missed about 7:30 that evening, and immediately a search was made for it, and the officers notified that it was missing. Some time later that night, probably between 10 and 12 o'clock, this defendant and his codefendant, Emmett Taylor, were found in possession of the car in the city of Tulsa, Okla., and were there arrested, charged with its theft, and were on the next day brought back to the city of Nowata.

Taylor voluntarily testified as a witness on behalf of the state, in this prosecution, and detailed the circumstances under which the car was taken. Adams denied taking the car, but testified that Taylor stole it, and that he was merely riding with Taylor to the city of Tulsa at the time they were arrested.

The first alleged error assigned as grounds for reversal is the action of the trial court in striking and overruling the motion and application of the defendant for a change of venue from the county. This application alleges that the defendant cannot have a fair and impartial trial in said county for the reason that the minds of the inhabitants of the county generally are so prejudiced against him by reason of the activities of the Nowata county automobile association, which embraces every automobile owner in Nowata county,

and which association had interested itself in the prosecution of the case to the extent of employing special counsel to assist the county attorney, and by reason of the offer of rewards, etc., and the application is accompanied by a copy of an advertisement contained in the Nowata Star, which advertisement of the Nowata county automobile association offers a standing reward of $250 for the arrest and conviction of any one stealing an automobile from any citizen of Nowata county, and a further reward of $100 for the return of a stolen automobile, and a further reward of $1,000 for the dead body of any automobile thief taken in resisting arrest after having stolen any automobile from any citizen of Nowata county. The application is subscribed and sworn to by the defendant, Tom Adams. No affidavit of any residents in said county as to the truth of the allegations in such petition were filed therewith.

The statute upon which this application and petition for a change of venue was based is as follows:

"Any criminal cause pending in the district court may, at any time before the trial is begun, on the application of the defendant, be removed from the county in which it is pending to some other county in said judicial district, whenever it shall appear in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein. Such order of removal may be made on the application of the defendant by petition, setting forth the facts, verified by affidavit, if reasonable notice of the application be given to the county attorney and the truth of the allegations in such petition be supported by the affidavits of at least three credible persons, who reside in said county. The county attorney may introduce counter affidavits to show that the persons making affidavits in support of the application are not credible persons and that the change is

not necessary, and may examine the witnesses in support of said application in open court in regard to the truth of said application; and if it be made to appear by the affidavits and examination of witnesses that a fair and impartial trial cannot be had in the county, a change shall be granted and the order made by the court. When there are several defendants in any indictment or criminal prosecution, and the cause of the removal thereof exists only as to one or more of them, the other defendants shall be tried and all proceedings had against them in the county, in which the case is pending, in all respects as if no order of removal had been made as to any defendant.'' Section 2628, Compiled Statutes 1921.

The trial court struck the petition from the files and overruled the motion for a change of venue because said petition and application did not meet the requirements of the statute.

The question here presented is not one of first impression in this court. In the case of Black v. State, 3 Okla. Cr. 547, 107 Pac. 524, the identical situation here presented was before the court, and in that case the court said:

''The application for change of venue is in regular form, and alleges that, owing to the prejudice and feeling against the defendant in Hughes county, he cannot have a fair and impartial trial in said county. This application is supported by the affidavit of the defendant only. It is not supported by affidavit of three disinterested persons as required by the statute. * * * A grant of change of venue is within the sound discretion of the court, even when the requirements of the statute have been complied with, and this court has repeatedly held that it will not reverse the judgment of the lower court for the failure to grant a change of venue unless it plainly appears that the discretion of the court has been abused to the prejudice of the defendant. The journal entry recites the fact that the attorneys for the defendant requested the court to issue subpoenas for witnesses and permit them to take oral proof in support of a change of venue, and gave

as a reason therefor that while the feeling was very high and the prejudice very strong against the defendant, yet they were unable to secure the affidavit of any person to these facts. Counsel cites no authority for this kind of a proceeding. The statute provides the only method of proof. We find no error in the action of the court in refusing this request and in overruling the motion for a change of venue."

In the later case of Bookman v. State, 12 Okla. Cr. 49, 151 Pac. 1074, this court, speaking through Doyle, presiding judge, said that where the petition for a change of venue is only supported by the affidavit of the defendant and his attorney the application for a change of venue does not conform with the requirements of the statute, and for such reason is properly overruled.

Section 20 of article 2 of the Constitution in part provides:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law."

It will be noted from the foregoing constitutional provision that the accused may change the venue of a criminal prosecution to some county other than that in which the crime was committed on application and in such manner as may be prescribed by law. The statute allowing a change of venue to the accused (section 2628, supra) gives the state the right to call witnesses to refute the statements of the application and supporting affidavits, and, in order to give the state an opportunity to refute such statements, provides that reasonable notice must be given of the hearing of the application. Should the defendant be permitted to dispense with the affidavits and call witnesses at the hearing, the re-

quirements of notice would be circumvented and the state would be at the mercy of a party whose chief and material interest might be delay by any means within his power. This and other reasons have caused courts almost unanimously to hold that the requirements of the statutes pertaining to supporting affidavits is mandatory. We hold, therefore, that the trial court did not err in striking the petition and application for change of venue from the files and in overruling the motion as presented. Also see Macklin v. State, 53 Tex. Cr. R. 197, 109 S. W. 145; 16 Corpus Juris, p. 212, § 320.

Next it is contended that the trial court erred in failing to instruct the jury that the defendant could not be convicted on the uncorroborated testimony of an accomplice. In this connection it is contended that the codefendant, Emmett Taylor, was an accomplice of Tom Adams in the commission of the crime, and that the only evidence in the record tending to establish Tom Adams' connection with the theft of the automobile is the testimony of Taylor.

The trial court submitted the question to the jury as to whether or not Taylor was an accomplice under the facts disclosed by the evidence, and further in the general charge defined the meaning of the word "accomplice." The court did not, however, instruct as to the necessity of the state corroborating an accomplice by other evidence tending to connect this defendant with the commission of the crime, and neither was such an instruction requested by the defendant. We think, under the holdings of this court in the following cases: Good v. State, 21 Okla. Cr. 328, 207 Pac. 565, and cases cited—that Taylor was an accomplice, and that the court should have given an instruction upon the necessity of corroboration in this case; but we do not believe that the failure to so instruct, in the absence of a spe-

cific request therefor, should result in a reversal of this judgment. In fact there is evidence in the record independent of the testimony of Taylor tending to connect the defendant with the commission of this crime, and sufficient in law to corroborate the accomplice. Independent of the testimony of Taylor there is testimony of another witness who saw this defendant near the place where the car was stolen just a few minutes before the car was taken, and, further, this defendant was, in conjunction with Taylor, found in possession of the car in the city of Tulsa just a few hours after the car was stolen. Defendant's explanation of his connection with the car does not impress this court as being true, and, further, this court is not authorized to reverse a judgment of conviction solely because of misdirection of the jury unless it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Section 2822, Compiled St. 1921.

In this case there was no miscarriage of justice, and it cannot be said that where there is sufficient evidence tending to corroborate the accomplice that the failure of the trial court, in the absence of a request therefor, to instruct on the necessity of corroborating evidence, deprived this defendant of any constitutional or statutory right.

It is also contended that the statute upon which this prosecution is based, to wit, chapter 102, Session Laws 1919 (section 2120, Compiled Statutes 1921), is unconstitutional and void because the title to said act is in violation of section 57, art. 5, Constitution. The question here presented has been decided adversely to defendant's contention in the case of Jackson v. State, 22 Okla. Cr. 338, 211 Pac. 1066, and Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900.

While the punishment assessed by the jury is within five years of the maximum under the statute, the record discloses that this is not the first conviction of defendant for automobile larceny. Defendant admitted his previous conviction of grand larceny in connection with the theft of an automobile in Creek county, for which he was sentenced and served a term of three years' imprisonment in the Oklahoma Reformatory at Granite, Okla. While the punishment is severe, it cannot be said to be excessive for a second offender.

DOYLE and BESSEY, JJ., concur.