## JAMES CARLE v. STATE.

No. A-5445. Opinion Filed April 3, 1926.
(244 Pac. 833.)

Chas. H. Garnett, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of murder, and sentenced to life imprisonment. This is a companion case to that of Lowden Carle v. State, 21 Okla. Cr. 21, 221 P. 797, heretofore decided by this court

A brief summary of the facts shown are about as follows: The Lessenger family lived on the extreme western boundary of Oklahoma City, on the south side of Tenth street, and operated a dairy and stock farm. On the night of the 15th day of July, 1919, C. M. Lessenger, the father, had living with him his sons M. I. Lessenger and the deceased, Newell Lessenger. The family of the defendant lived not far away. About 3:00 a. m., on that morning, M. I. Lessenger went to the hog lots, some distance from the house, for the purpose of shutting off the water, and discovered a wagon and some persons evidently loading some of the hogs. He returned to the house, and notified his father and his brother Newell Lessenger, and another brother Hoefert Lessenger. They armed themselves with guns and pistols, drove west by the hog lots, and turned south, and overtook the wagon containing hogs, with Lowden Carle walking near the head of the team, and the defendant on the seat driving. They did not, however recognize them, as it was yet dark. The car ran up near the wagon, and M. I. Lessenger and Newell Lessenger jumped out, and called, "Halt!" Lowden Carle opened fire, which was returned by the Lessengers. Newell Lessenger was shot and killed. Lowden Carle fled, and the defendant jumped from the wagon, and also fled, and were not recognized or apprehended until several days later. The defendant did not fire any of the shots.

It is the theory of the state that the defendant and his brother were engaged in the commission of a felony at the time of the homicide, and that the crime is murder. It is the theory of the defendant that the Carles had permission to remove the hogs, and that they were not engaged in the commission of a felony, and, further, that in any event the defendant James Carle was merely assisting his brother Lowden on what he believed was a lawful mission, and took no part in the killing of Newell Lessenger, and is not guilty of any crime.

The defendant argues various assignments of error. Such as are deemed of sufficient importance will be considered in the order presented.

The first assignment is based upon an application for a continuance, alleging that five witnesses therein named were not present, although summons had been issued for them and return had been made "not found"; then setting out in detail what the evidence of the witnesses would be. Two of the witnesses later appeared and testified. As to the other three, the testimony of one of them is of no particular consequence. That of another was cumulative, and as to the third it appears from the affidavit that several other persons had the same knowledge that he did. None of them were subpoenaed. The application is defective in several particulars. It does not set out the diligence used other than that a summons was issued and returned "not found." It is not shown where the witnesses reside, nor the likelihood of obtaining their presence at any subsequent time, nor that the facts covered by their testimony could not be shown by other witnesses. Section 584, Comp. Stat. 1921; Rhea v. Terr., 3 Okla. Cr. 230, 105 P. 314; Bethel v. State, 8 Okla. Cr. 61, 126 P. 698; Litchfield v. State, 8 Okla. Cr. 164, 126 P. 707, 45 L. R. A. (N. S.) 153.

An application for a continuance is addressed to the sound discretion of a trial court, and no abuse of discretion is shown.

The second assignment challenges the jurisdiction of the district court of Oklahoma county; the defendant contending that the venue had been changed to Canadian county. The record recites at length the proceedings had by which it is shown that the defendant and Lowden Carle were jointly charged, and a severance taken. It appears that upon a petition signed by the defendants Lowden Carle and James Carle, but verified only by Lowden Carle, a change of venue as to Lowden Carle was ordered. The order is entitled: "State of Oklahoma, Plaintiff, v. Lowden Carle, Defendant," and recites that the cause came on for hearing on the verified application of defendant for a change of venue, and that the court thereupon grants the change of venue and orders a transcript of the proceedings to Canadian county. This is signed by George W. Clark, district judge. There also appears a minute by the clerk entitled in the name of both defendants, reciting that a change of venue was granted. This evidently refers to the same proceeding covered by the journal entry mentioned. Various other minutes of the clerk indicate that on account of a change of county attorney the state was uncertain whether or not a change of venue had been taken by the defendant. The various proceedings shown by the record disclose that, subsequent to the claimed change of venue, the defendant by his counsel frequently appeared in the district court of Oklahoma county in this case, and made agreements for continuance, had the case stricken from the assignment, and reset by agreement.

Section 20, art. 2, of the Constitution of Oklahoma, is as follows:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. * * *"

Section 2628, Comp. Stat. 1921, is the manner prescribed by law under the foregoing section of the Constitution for change of venue, and reads:

"Any criminal cause pending in the district court may, * * * on the application of the defendant, be removed * * * to some other county. * * * Such order of removal may be made on the application of the defendant by petition, setting forth the facts, verified by affidavit. * * * When there are several defendants in any indictment or criminal prosecution, and the cause of the removal thereof exists only as to one or more of them, the other defendants shall be tried and all proceedings had against them in the county, in which the case is pending, in all respects as if no order of removal had been made as to any defendant."

From the Constitution and statute above set out it is obvious that an accused is entitled under the Constitution to a "speedy and public trial" in the county where the crime shall have been committed. The state may not change the venue, but such change may be granted only on the application of the accused. His right to a trial at home, among his friends, where the witnesses are accessible, can be waived only by him, and then in the manner prescribed by law; that is to say, upon a petition of the defendant, verified by affidavit.

The petition for change was made after the severance, and, while it purports to be drawn for both Lowden Carle and James Carle, it is verified by Lowden Carle alone, and the affidavit to the petition by its terms is made for Lowden Carle alone. The journal entry, signed by the judge, is in the singular, and

entitled in the name of Lowden Carle alone. The defendant James Carle thereafter repeatedly appeared in the district court of Oklahoma county by his counsel, and had orders made entirely inconsistent with any theory that a change of venue had been made as to him. Upon the entire record the trial court correctly held that the order changing the venue was after a severance and was as to the defendant Lowden Carle only. The following cases are enlightening on this point: Adams v. State, 25 Okla. Cr. 298, 220 P. 59; Starr v. State, 5 Okla. Cr. 440, 115 P. 356; State v. Ross (Mo. Sup.) 178 S. W. 475; Huckabee v. State, 53 So. 251, 168 Ala. 27; State v. Denton, 6 Cold. (46 Tenn.) 539; McCauley v. People, 88 Ill. 578.

It is next argued that the issue of manslaughter in the first degree is raised by the evidence, and, although no request for such instruction was made, that the court should have submitted that issue to the jury, citing: Cannon v. Ter., 1 Okla. Cr. 600, 99 P. 622; Ryan v. State, 8 Okla. Cr. 623, 129 P. 685; James v. State, 14 Okla. Cr. 205, 169 P. 1127; Tubby v. State, 15 Okla. Cr. 496, 178 P. 491; Newby v. State, 17 Okla. Cr. 291, 188 P. 124.

Let it be admitted that it is the duty of a trial court in a murder case, whether requested to do so or not, to submit the case to the jury upon every degree of homicide which the evidence tends to support. Even so, was the defendant entitled to have submitted the law applicable to manslaughter? Is not the defendant guilty either of murder committed while engaged in the commission of a felony, or is not the homicide justifiable self-defense? The defendant's contention that, even though the taking of the hogs was a larceny, it had been completed is not tenable. Such contention wholly ignores the fact that, if the mere taking was complete, the asportation was con-

tinuing at the time of the homicide. Brown v. State, 7 Okla. Cr. 678, 126 P. 263. So, if the jury believed the state's theory that the taking of the hogs was a larceny, they must also find that the asportation was not complete, and that the homicide was committed while the defendant and his brother were engaged in a felony. This, under subdivision 3, §1733, Comp. Stat. 1921, is murder. If the jury had believed the defendant's theory that the taking of the hogs was a lawful enterprise, and that while so engaged defendant and his brother were overtaken by persons whom they did not know, and who commanded them to halt, and thereupon the shooting ensued, the defendant would not have been guilty of any offense, but would be entitled to have been acquitted, as in such case the homicide was in his necessary self-defense. The court instructed the jury fully to this effect.

It is next contended that the court erred in his instructions numbered 12 and 13. Instruction No. 12 is, in substance, that, if the jury find that the shooting was done by the defendant James Carle with a premeditated design, and including the other essentials of murder, the jury should find him guilty, and, if they entertain a reasonable doubt, they should acquit. It is contended that this instruction is not based on any evidence in the case. There is no evidence that the shot was fired by the defendant James Carle with a premeditated design, and no premeditated design need be proven where a homicide is perpetrated in the commission of a felony. Where murder is charged under the first subdivision of section 1733, Comp. Stat. 1921, a conviction may be had, if warranted by any other subdivision of said section. Holmes v. State, 6 Okla. Cr. 541, 119 P. 430, 120 P. 300.

If the instruction under the evidence is erroneous,

it is error favorable to the defendant, since it places too great a burden upon the state. See Inklebarger v. State, 8 Okla. Cr. 316, 127 P. 707; Herndon v. State, 16 Okla. Cr. 586, 185 P. 701; Welch v. State, 16 Okla. Cr. 513, 185 P. 119.

Instruction No. 13 informs the jury that, if defendant or his brother were armed with revolvers, and went upon the premises of the Lessengers to steal hogs, and that the Lessengers sought to halt them for the recovery of said hogs, and that Lowden Carle and defendant, in an endeavor to resist arrest or to escape, did fire the fatal shot, the defendant would be guilty.

It is complained that this instruction does not require the jury to find premeditated design. This contention has been disposed of by what we have just stated. It is not a variance that homicide by one engaged in the commission of a felony is proven under an information charging a premeditated homicide. It is further argued that this instruction is erroneous in assuming that the Lessengers were attempting to arrest the defendant and his brother. The language of the instruction refutes such contention. It does not assume such state of facts, but requires that the jury shall believe it from the evidence beyond a reasonable doubt before they would be warranted in finding the defendant guilty. It is further contended that the instruction is erroneous in not submitting to the jury whether or not the homicide was a probable and natural consequence of the plan and design of the defendants to steal the hogs of Lessenger. It is well settled that, where two or more persons enter into a conspiracy to commit a felony under such circumstances as will, when tested by human experience, probably result in the taking of human life, it is presumed that all understand the consequences, and, if

death happens in the prosecution of such enterprise, all are alike guilty of a homicide. 13 R. C. L. "Homicide," §§ 29, 30, 31, 32; Reeves v. Ter., 10 Okla. 195, 61 P. 828; 3 Greenleaf on Evidence, § 40; Holmes v. State, supra, and authorities therein cited.

There is no merit in the contention, nor is there any merit in the contention that the judgment is not supported by the law and the evidence.

Some other assignments of error were briefly presented, all of which have had attention, but they are, we think, without sufficient merit to be severally considered. Upon a consideration of the whole case we believe the defendant was fairly tried, the issues fairly submitted, and no error that would warrant a reversal is apparent.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.