[Criminal No. 680. Filed January 28, 1929.]

[274 Pac. 166.]

FEDERICO GARCIA, Appellant, v. STATE, Respondent.

See Criminal Law, 16 **C. J.**, sec. 1099, p. 567, n. 7.
Witnesses, 40 **Cyc.**, p. 2384, n. 46.

Mr. William J. Fellows, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Frank J. Duffy, Assistant Attorney General, for the State.

ROSS, J.—This appeal is from a conviction of rape. The victim of the rape was the defendant's nine year old daughter.

After the defendant's arrest, but before any written charge had been lodged against him, the child was examined by Dr. Harry J. Felch, county physician and health officer, and found to be afflicted with gonorrhea. She informed her stepmother that she had been mistreated by her father, the defendant, and thereupon a city policeman went with defendant to Dr. Felch, who took from defendant's privates a culture which upon analysis disclosed that defendant was afflicted with gonorrhea.

Over objections by defendant, the doctor was permitted to testify concerning his examination of defendant and what he discovered, such objections being (1) that the evidence as to defendant's diseased condition was obtained against his will and consent while

he was in custody, and to admit it was, in effect, compelling him to give evidence against himself; and (2) that the relation of physician and patient existed between Dr. Felch and himself, and that therefore any information the former obtained was privileged.

The evidence is that, when defendant was accused by his wife, he asserted his innocence and voluntarily went with his wife to the city jail; that when asked by the officer to allow the doctor to examine him he willingly consented, or at least went with the officer to see the doctor and submitted to the examination without voicing dissent. This was all done before any formal charge had been preferred against him and, as the officer who was investigating the matter testified, for the purpose of verifying the accusation made by the child. As we gather from this testimony, the defendant, protesting his innocence, willingly submitted himself to the custody of the officer and to all subsequent steps taken, including the examination by the doctor.

We have a provision in our Constitution (art. 2, .§ 10), common to many of the states and to the federal Constitution, to the effect that "No person shall be compelled in any criminal case to give evidence against himself. . . . " This provision is intended for the protection of the accused. He may insist upon this guaranty when it is sought to be violated, or he may waive it.

If the evidence shows that the defendant willingly acquiesced in the examination by the doctor, and we think it does, then there was no compulsion, and his constitutional rights were not violated. *State* v. *Height,* 117 Iowa 650, 94 Am. St. Rep. 323, 59 L. R. A. 437, 91 N. W. 935, does not support defendant's contention, because in that case "it appears without reasonable doubt from the evidence that defendant was compelled to submit to such examination, and was

therefore compelled to furnish evidence against himself.'' The basic reason for rejecting the evidence of the examining physician in that case is lacking in this case.

In *Lee* v. *State,* 27 Ariz. 52, 229 Pac. 939, it appears the defendant contended he was compelled to give evidence against himself, because the arresting officers removed his shoes and used them for purposes of comparison with tracks found leading from the scene of the crime. While what we there said in overruling this contention is not exactly in point, it does show that the tendency of the more recent authority is to restrict the constitutional privilege to testimonial utterances.

Under the statute (subd. 4, § 1228, Pen. Code 1913), a physician is disqualified from divulging as a witness any information acquired in attending his patient, if such information was necessary to enable him to prescribe or act for his patient.

The second assignment is that the relation of physician and patient existed between Dr. Felch and defendant and that therefore the court should have excluded the doctor's testimony on that ground. The examination of defendant, as the record discloses, was made at the instance of the arresting officer for the express purpose of finding out if defendant was afflicted with the same kind of disease as the prosecutrix, and not for the purpose of prescribing for defendant or treating him for such ailment.

In 28 R. C. L. 539, section 129, the author states the law as follows:

"An objection to the testimony of physicians that it discloses a privileged communication cannot be sustained when it relates to an examination made of a party, who did not make any communication to them nor submit to their examination with the idea that they were acting as his physicians. And a physician employed by one whose negligence is al-

leged to have caused an accident, to be present at an operation upon the injured person, without the latter's consent, is not incompetent to testify to what he observed there. Furthermore, if the physician does not act in a professional capacity to treat but for some independent purpose known to the person examined, no privilege ordinarily attaches. Thus a physician, who at the direction of a prosecuting attorney or a court makes an examination of a defendant for the purpose of determining his physical condition, is competent to testify regarding the information he gained if he does not assume to act as the physician for the patient or proffer to the latter his professional aid.''

See, also, *Leard* v. *State,* 30 Okl. Cr. 191, 235 Pac. 243; *State* v. *Winnett,* 48 Wash. 93, 92 Pac. 904; *State* v. *Height, supra.*

Finding no error, the judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.