**STATE of Oklahoma, Appellant,**

v.

**Bobby Lynn JONES, Appellee.**

**No. S–92–66.**

Court of Criminal Appeals of Oklahoma.

Aug. 24, 1993.

---

### ACCELERATED DOCKET ORDER

Appellant, the State of Oklahoma, appeals to this Court from the dismissal of a Second Degree Murder charge filed against appellee in Muskogee County District Court, Case No. CRF–90–553. Under the felony-murder doctrine, appellee was charged with the Second Degree Murder of Kurt Wilson. Mr. Wilson was fatally wounded when he and appellee were caught burglarizing a residential detached garage. Mr. Wilson was shot by the property owner during the confrontation. Appellee filed a motion to dismiss the Second Degree Murder charge asserting: (1) that there was no causal link between the two crimes; and (2) that the felony-murder doctrine should be interpreted to preclude the prosecution of a defendant for the death of a co-defendant were the co-felon was killed by a third party. The Honorable Lyle Burris, District Judge, sustained appellee's motion finding that the felony-murder doctrine was not applicable under this factual situation.

Pursuant to Rule 11.3, *Rules of the Oklahoma Court of Criminal Appeals*, 22

---

O.S.Supp.1991, Ch. 18, App., this appeal was assigned to the Accelerated Docket of this Court. The sole proposition of error was presented to this Court in oral argument on August 10, 1993, pursuant to Rule 11.5(c) of the Rules of this Court.

The State contends on appeal that the trial court erred in sustaining appellee's motion to dismiss. Oklahoma law clearly permits prosecutions under our felony-murder statutes where the defendant or an accomplice actually performed the homicidal act. *See Oxendine v. State,* 350 P.2d 606, 611 (Okl.Cr.1960). *See also, Lewis v. State,* 451 P.2d 399 (Okl.Cr.1967); *Carle v. State,* 34 Okl.Cr. 24, 244 P. 833 (1926). However, the State now urges this Court to find that the felony-murder doctrine in Oklahoma permits prosecutions where the victim was killed by someone other than the defendant or an accomplice. This is a case of first impression for this Court.

Two mutually exclusive theories of criminal liability in felony-murder cases have developed over time: (1) the "agency" theory of felony-murder; and (2) the "proximate cause" theory of felony-murder.[1] *See Moore v. Wyrick,* 766 F.2d 1253 (8th Cir. 1985). While we recognize the existence of these theories, we need not specifically adopt one as we are bound by the explicit statutory language of Oklahoma's felony-murder statutes.

Title 21 O.S.1991, § 701.7(B) specifically provides that:

> A person also commits the crime of murder in the first degree when he takes the life of a human being, regardless of malice, in the commission of forcible rape, robbery with a dangerous weapon, kidnapping, escape from lawful custody, first degree burglary, first degree arson, unlawful distributing or dispensing of controlled dangerous substances, or trafficking in illegal drugs.

(emphasis added).

Furthermore, Title 21 O.S.1991, § 701.8 provides in pertinent part:

Homicide is murder in the second degree in the following cases:

.     .     .     .     .

> 2. When **perpetrated by a person engaged in the commission of any felony** other than the unlawful acts set out in Section 1, subsection B, of this act.

(emphasis added).

The legislature's use of the term "he" in the above quoted statutory language of § 701.7 cannot be interpreted to include deaths which occur at the hands of police officers, victims of the underlying felony, or innocent bystanders. Likewise, the phrase **"when perpetrated by a person engaged in the commission of any felony"** as quoted above in § 701.8(2) clearly limits second degree felony-murder to situations where the defendant or an accomplice actually does the killing. Any other interpretation of these statutes would do violence to the clear statutory language.

Therefore, for the above stated reasons, we find the express language of Oklahoma's felony-murder statutes precludes prosecutions where the victim was killed by someone other than the defendant or an accomplice. The trial court's dismissal of appellee's second degree murder charge is **AFFIRMED.**

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge
/s/ James F. Lane, Judge
JAMES F. LANE,
Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

---

1. Under the "agency" theory, the defendant or an accomplice must commit the killing in order for a felony-murder statute to be applicable. Whereas, under the "proximate cause" theory, the actual identity of the killer is irrelevant. Rather criminal responsibility attaches so long as the death is proximately related to the commission of the felony. *Moore v. Wyrick,* 766 F.2d at 1256.