[No. 11765.   Department Two.   July 27, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v.

MATTIE T. PAYSSE, *Appellant.*[1]

LIBEL AND SLANDER—CRIMINAL PROSECUTION—MALICE—PRESUMPTIONS—STATUTES—CONSTRUCTION. Where the slander was not justified, it is presumed that the words were maliciously spoken, in a prosecution under Rem. & Bal. Code, § 2433, defining malicious slander impairing the reputation for chastity of a female over twelve years of age, and providing that every such slander shall be deemed malicious unless justified by the fact that the language used is true and fair and spoken with good motives.

SAME—CRIMINAL PROSECUTION—EVIDENCE — CORROBORATION — NECESSITY—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 2434, providing that a conviction for slander of a woman impairing her reputation for chastity cannot be had upon the testimony of the woman slandered unsupported by other evidence, corroboration is only necessary of the facts constituting the gravamen of the offense, so that the testimony of the prosecutrix tending to show that she was entitled to the protection of the statute need not be corroborated.

APPEAL—BRIEFS—ASSIGNMENT OF ERRORS. It is discretionary to allow errors to be assigned in a supplemental brief which were not mentioned in the principal brief on appeal.

CRIMINAL LAW — APPEAL — PRESERVATION OF GROUNDS—REVIEW. Upon appeal in a criminal case, error cannot be assigned upon the introduction of evidence to which no objection was made below.

Appeal from a judgment of the superior court for King county, Ronald, J., entered September 20, 1913, upon a trial and conviction of criminal slander. Affirmed.

[1]Reported in 142 Pac. 3.

*Gill, Hoyt & Frye, Reed & Hardman,* and *Hughes, Mc-Micken, Dovell & Ramsey,* for appellant.

*John F. Murphy* and *S. H. Steele,* for respondent.

FULLERTON, J.—The appellant was convicted in a justice court of King county of the statutory misdemeanor defined in Rem. & Bal. Code, § 2433 (P. C. 135 § 361). She appealed from the judgment of conviction to the superior court of King county, where she was again tried and again convicted of the same offense, and sentenced to pay a fine of $50. From the last mentioned conviction, she appeals to this court.

The appeal was taken and perfected in this court by counsel who represented her on the trial in the superior court. They have filed a brief assigning error only on the giving of certain instructions, and on the refusal of the court to give a certain requested instruction. After the appeal had been perfected and the brief filed, the appellant employed new counsel to represent her, causing them to be substituted in the place and stead of her original counsel. Her new counsel have filed a supplemental brief and additional assignments of error, assigning that the court erred in the admission of certain testimony. The questions suggested for reversal, we will notice in order.

The statutes upon which the appellant was convicted read as follows:

"§ 2433. Every person who, in the presence or hearing of any person other than the female slandered, whether she be present or not, shall maliciously speak of or concerning any female of the age of twelve years or upward, not a common prostitute, any false or defamatory words or language which shall injure or impair the reputation of any such female for virtue or chastity or which shall expose her to hatred, contempt or ridicule, shall be guilty of a misdemeanor. Every slander herein mentioned shall be deemed malicious unless justified, and shall be justified when the language charged as slanderous, false or defamatory is true and fair, and was spoken with good motives and for justifiable ends."

"§ 2434. No conviction shall be had under the provisions of the preceding section of this act, upon the testimony of the woman slandered unsupported by other evidence."

In its charge to the jury, the court, after defining the issue between the state and the appellant, charged them, in substance, that the only question for them to consider was whether or not the appellant had spoken of and concerning the prosecuting witness the slanderous words substantially as they were set out in the complaint; that, if they so found, they would find the accused guilty, and if they did not so find, they would find her not guilty. It is objected to the instruction that it omits the element of malice which the statute makes an ingredient of the offense; the argument being that the jury could not find the defendant guilty unless they found not only that the accused spoke of and concerning the prosecuting witness the slanderous words, but that they must also find that she spoke them maliciously.

But we think the argument overlooks the concluding sentence of the section of the statute defining the offense. It is there provided that every slander mentioned in the statute shall be deemed to be malicious unless justified, and shall be justified when the language charged as slanderous, false or defamatory is true and fair, and was spoken with good motives and for justifiable ends. Here there was no justification or attempted justification of the speaking of the slanderous words, either in the evidence on part of the state or of that on the part of the defendant. The state, after introducing its preliminary proofs, introduced evidence tending to show the speaking of the slanderous words. The appellant contented herself with a denial that she had spoken them. In such a case, the question of malice is not involved. It is presumed from the mere speaking of the slanderous words. The court, therefore, was not required to instruct nor justified in instructing, that the jury must find, as a matter of fact, that the slanderous words were spoken maliciously.

The appellant requested the court to charge the jury that

all of the facts charged in the complaint must be corroborated by the testimony of a person other than the female alleged to have been slandered.  The court declined to so charge, and its refusal so to do constitutes the second error assigned.  The statute, it will be observed, is somewhat general in its language; it provides that no conviction shall be had upon the testimony of the woman slandered unsupported by other evidence, but does not define the nature or character of the supporting evidence, or the extent to which it shall go.  The general rule applicable to supporting or corroborative evidence is that it is sufficient if it extends to those facts which constitute the gravamen of the offense; those facts which tend to connect the defendant with the commission of the offense.  Evidence of the female going to matters of inducement, and matters of description designating the qualifications which the female slandered must possess at the time of the commission of the offense in order to enable her to invoke the protection of the statute, need not be supported or corroborated.  *State v. Aton,* 67 Wash. 485, 121 Pac. 980; *Kenyon v. People,* 26 N. Y. 203, 84 Am. Dec. 177; *Harvey v. Territory,* 11 Okl. 156, 65 Pac. 837; *Williams v. State,* 59 Tex. Cr. 347, 128 S. W. 1120; *State v. Meister,* 60 Ore. 469, 120 Pac. 406.

In *Kenyon v. People, supra,* this language was used:

"The statute provides 'that no conviction shall be had on the testimony of the female seduced, unsupported by other evidence.'  It was claimed by the defendant's counsel that no conviction could be had unless the prosecutrix was supported by other evidence, not only as to the promise and illicit intercourse, but also as to the facts of her being unmarried, and her previous chaste character.  The judge, however, in substance, instructed the jury that no corroboration or support was necessary as to her being unmarried, or as to her chastity.  'On the point of her being 'unmarried' she was abundantly supported by other evidence; but as to her previous chastity, there was no affirmative testimony, as there could not well be, except her own.  But the judge was right in his construction of the statute.  It does not contemplate

that the female shall be supported or corroborated upon every material fact alleged. It is enough if the support extends to those facts which go to prove the offense charged. No corroboration or support is necessary to the points which merely indicate the person to be protected by the statute, viz.: that she was an unmarried female and of previous chaste character. It was only necessary that she should be supported by direct evidence or proof of circumstances, as to the facts constituting the crime. These were the promise and the intercourse."

In the case before us, the prosecuting witness testified to no fact tending to connect the appellant with the commission of the offense charged against her. Her testimony went no further than to show that she was a person entitled to the protection of the statute. She testified that she was a woman over the age of twelve years, and was not a common prostitute. The testimony tending to connect the appellant with the commission of the offense was given in evidence by the persons to whom and in whose presence the slanderous words were spoken. Under the rule above cited, the prosecuting witness did not have to be supported or corroborated by other evidence upon the facts to which she testified; and hence the instruction, if given in the form requested, would have been misleading and confusing. The evidence presented did not call for an instruction on the question of supporting evidence, and there was no error in the refusal of the court to instruct upon that question.

The errors assigned and discussed in the second or supplemental brief relate to evidence of slanderous words spoken of and concerning the prosecuting witness, of the same nature as those charged in the complaint, to other persons at different times and places from those charged in the complaint. This evidence was introduced in rebuttal for the purpose of impeaching the appellant, after she had specifically denied speaking the slanderous words. The state objects to the consideration of these assignments in the court on two grounds; first, because the assignments come too late, having been

made after the appeal had been taken and perfected on other grounds, and after the time for taking a second appeal had expired; and second, because no objection was taken to the introduction of the evidence in the court below. The first part of the objection is not well taken. The appeal from the judgment below was properly perfected in this court, and it is within the discretion of the court to allow errors to be urged before it in a supplemental brief although not mentioned or assigned in the principal brief on the appeal. But perhaps this question is not very material, since we find the second ground well taken. It is a principle, applicable to criminal as well as civil cases, that objections to evidence or matters or proceedings occurring at the trial, not going to the jurisdiction of the court, must be presented to and ruled upon by the trial court before they can be made available upon appeal. As was said by the court in *State v. Tamler*, 19 Ore. 528, 25 Pac. 71, 9 L. R. A. 853:

"As this is an appellate tribunal, constituted to revise and correct the errors committed by the trial court, it is only when that court has acted, and the act is claimed to be error and disclosed by the record, that such error becomes the subject of our power and duties."

See, also, *State v. Craemer*, 12 Wash. 217, 40 Pac. 944; *State v. Hyde*, 22 Wash. 551, 61 Pac. 719; *State v. Melvern*, 32 Wash. 7, 72 Pac. 489.

The judgment is affirmed.

CROW, C. J., MOUNT, PARKER, and MORRIS, JJ., concur.