[No. 14562. Department One. April 25, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
JAMES MURPHY, *Appellant.*[1]

CRIMINAL LAW—APPEAL—REVIEW — OBJECTION NOT MADE BELOW. Objection to the scope of the cross-examination of the accused cannot be raised for the first time on appeal.

SAME. The erroneous impeachment of the accused upon a collateral matter cannot be raised on appeal, in the absence of a proper objection thereto below.

CRIMINAL LAW—TRIAL—INSTRUCTIONS — GRADE OR DEGREE OF OFFENSE. In a prosecution for arson in the first degree, in setting on fire in the nighttime a building in which there were one or more human beings, it is proper to refuse to instruct as to arson in the second degree when there was no evidence thereof.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 12, 1917, upon a trial and conviction of arson. Affirmed.

*Thomas Byron MacMahon* and *Tucker & Hyland,* for appellant.

*Alfred H. Lundin, Everett C. Ellis,* and *Joseph A. Barto,* for respondent.

MAIN, J.—The defendant in this case was charged by information with the crime of arson in the first degree. The trial in the superior court resulted in a verdict of

[1]Reported in 172 Pac. 544.

guilty as charged. A motion for new trial being made and overruled, the defendant appeals.

From the evidence in the case the jury had a right to believe that, about the hour of 10:30 o'clock on the night of August 17, 1916, the appellant was seen in front of pier 2, in Seattle, Washington. He was observed to throw something against a window in the front of the building. Immediately thereafter, the sound of crashing glass was heard and a flash of flame was seen. The building took fire, but before any great damage was done, this was extinguished. After throwing the missile, appellant started away at a rapid walk, and had proceeded but a short distance when he was called upon by a police officer to halt. After being summoned to halt, the appellant pulled a loaded revolver from his pocket and aimed it at the officer. After placing appellant under arrest, the officer caused him to proceed into the building into which the missile had been thrown, where the officer directed a person then in the building to telephone the fire and police departments of the city.

Upon the trial, no witness testified in behalf of the appellant except himself. His testimony was brief, consisting of only a few questions, in the course of which he denied throwing anything against, or doing any damage or injury in any way to, pier 2. The cross-examination of the appellant was somewhat extensive and covers a considerable range.

The first assignment of error is based on the claim that the court erred in permitting this cross-examination. In the answer brief of the respondent, it is stated that there was no objection in the lower court to such cross-examination. No reply brief has been filed, and the statement in the answering brief relative to there being no objection to the cross-examination has not been challenged. Notwithstanding this fact, we have

searched the record diligently and find that the record contains no objection that the cross-examination was extending beyond its proper limits. This being the condition of the record, the question whether the cross-examination was too broad is not here for review. No objection having been made to it during the trial, the question cannot be raised for the first time on appeal. In *State v. Paysse,* 80 Wash. 603, 142 Pac. 3, the court considered the necessity of making objection to the introduction of evidence in the trial court, and it was there said:

"It is a principle, applicable to criminal as well as civil cases, that objections to evidence or matters or proceedings occurring at the trial, not going to the jurisdiction of the court, must be presented to and ruled upon by the trial court before they can be made available upon appeal."

It is next claimed that the court erred in permitting the state to impeach the appellant upon a collateral or immaterial matter. Upon this question the record is in like condition as upon the previous question. No objection was made in the lower court upon the ground now asserted, which is that the impeachment was upon a collateral or immaterial matter. Like the first question considered, there being no proper objection, the question cannot be here reviewed.

The other assignments of error relate to the failure of the trial court to define in the instructions and submit to the jury the crime of arson in the second degree as well as the first degree. Had there been any evidence which would sustain a finding by the jury that the appellant was guilty of arson in the second degree, and had the court been requested to give such an instruction, it doubtless would have been proper to give it. Under the evidence in this case, however, the appellant was either guilty of arson in the first degree or

he was not guilty. The building was set on fire in the nighttime, and there was in the building at the time one or more human beings. The law does not warrant an instruction covering an included crime when there is no evidence to sustain it. *State v. Kruger,* 60 Wash. 542, 111 Pac. 769; *State v. Harsted,* 66 Wash. 158, 119 Pac. 24; *State v. Hart,* 79 Wash. 225, 140 Pac. 321; *State v. Reynolds,* 94 Wash. 270, 162 Pac. 358.

The judgment will be affirmed.

ELLIS, C. J., FULLERTON, PARKER, and WEBSTER, JJ., concur.