(No. 14879.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GUY ROBERTS, Plaintiff in Error.

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

1. CRIMINAL LAW—*when defendant may cross-examine his own witness who has given unexpected testimony.* Where a witness unexpectedly gives testimony at variance with statements made to the defendant before the trial, the defendant has the right to call attention to the witness' former statements to refresh his memory and awaken his conscience and move him to speak the truth if he is willfully erring; but the extent of such an examination rests largely in the discretion of the court and must be determined by the manner and appearance of the witness.

2. SAME—*evidence of unchastity of the complaining witness is not competent if she is under age of consent.* In a prosecution for rape, where the complaining witness is under sixteen years of age and the act was accomplished with her consent, evidence of her unchastity is not competent.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

F. T. CARSON, and GEORGE McCRASKEN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROY R. CLINE, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Guy Roberts, a man thirty-five or forty years old, was indicted in the Champaign county circuit court for the crime of rape. Two counts charged the offense was committed January 5, 1922, on the person of Sylvia Chism with her consent, she then being under the age of sixteen years, to-wit, of the age of fourteen years. One count charges the act was committed by force and without the consent of Sylvia Chism. The jury by their verdict found defendant guilty and fixed his punishment at imprisonment in the penitentiary at five years.

Defendant was the keeper of a garage and conducted a taxi service. He had in his possession a Maxwell touring car which a man named Claude Sisk was driving on the streets of Urbana the evening of January 5, 1922, when he saw Sylvia Chism and a girl companion, Gladys Crane. He invited them to get in his automobile, which they did, and he drove them to defendant's garage. There the four of them had a drink of "white mule." Then with the Crane girl on the front seat with Sisk, who drove the car, and the defendant and the Chism girl in the rear seat, they drove around town a while, then out into the country some miles from town. They stopped the car and the two girls testified that while the car was stopped defendant had intercourse with the Chism girl on the rear seat. No warrant appears to have been sworn out for the arrest of defendant until a month or so later, and, as we understand it, it was not issued on the complaint of the Chism girl. The indictment was returned in April and the trial took place in May. Defendant testified in his own behalf and admitted the automobile ride; that he and the Chism girl occupied the rear seat; that he had his arm around her, but denied he had intercourse with her. Sisk had left Champaign county before the trial and was in jail in Coles county at the time of the trial. He was brought to Urbana to testify as a witness in defendant's behalf. He testified he did not see the defendant commit the act; that if he did it he did not see it.

Some time in February the Chism girl was adjudged delinquent and was placed in the custody of her aunt, Mrs. Tuttle. Elizabeth Rex testified that on Saturday evening before the trial defendant asked her if there was any way to get the Chism girl out of town, and said if she did not appear there would be no witness against him. Defendant told the witness to tell the girl to be back of her house after midnight Sunday night and there would be someone there to take her away. Witness asked the defendant how much money he would give Sylvia, and he said he would settle

306—16

that with her, and further said if the girl was gotten out of town and did not return he would make things right with the witness. He inquired if the witness knew the address of the Mason girl, with whom she used to chum, and witness gave him the address, 5400 Arsenal avenue, St. Louis. Witness saw the Chism girl afterwards and talked with her. She showed her a telegram from St. Louis signed Helen, which she had received.

Sylvia Chism testified Mrs. Rex came to her aunt's to see her Sunday. That about one o'clock Sunday night she got up, got what clothes she could, slipped out of the house and met Mrs. Rex, who conducted her to a taxi-driver. The taxi was defendant's. He gave her $35 and told her not to tell anyone about it, and the driver took her to Tolono, where she boarded a train for St. Louis. She there met Helen Mason. The girl did not remain in St. Louis but returned and was present at the trial. Her aunt, Mrs. Tuttle, testified Sylvia was staying with her until about two o'clock on Monday morning before the trial, when she left her house. Mrs. Tuttle testified Sylvia was born February 28, 1907.

The principal error insisted on is that defendant was surprised at the testimony of Sisk, whom he introduced as a witness, and who testified he did not see defendant commit the act. One of counsel for defendant had talked with Sisk at counsel's office the morning of the day the trial began, in the presence of Harry A. Barr, about what Sisk would testify, and Sisk said no act of sexual intercourse took place between defendant and Sylvia Chism during the automobile ride; that if any such act had taken place he would have known it. When put on the stand he testified he never saw defendant commit the act; that if it took place he could have seen it if he had looked, but he was busy himself and was not looking. He said there was nothing between him and the rear seat except the back of the front seat. Counsel then asked the witness if he had not told counsel

that morning that if anything like the act charged had been committed he would have seen it, and also asked several similar questions, to which the court sustained objections. The court ruled counsel might call witness' attention to the conversation with him but that he could not cross-examine his own witness. It is complained the witness had made contrary statements to counsel before he was put on the stand; that counsel was surprised at his testimony, and should have been permitted to cross-examine the witness, refresh his memory and probe his conscience to induce him to speak the truth. We have held where a witness unexpectedly gives testimony at variance with statements made to defendant before the trial, defendant has the right to call attention to the witness' former statement to refresh his memory and awaken his conscience and move him to speak the truth if he is willfully erring. (*People v. Lukoszus,* 242 Ill. 101.) About the only question by defendant's counsel the court permitted the witness to answer was whether the witness had talked to counsel about what he would swear before being put on the witness stand. That would be of little benefit if the examination could go no further. In *People* v. *Lukoszus, supra,* a character witness put on the stand by defendant unexpectedly testified defendant's general reputation was bad. He was asked if he had not told defendant's counsel he would testify it was good, to which question the court sustained an objection. This court held he should have been permitted to answer the question. Just how far such an examination by defendant of his own witness should be permitted to go must in a large measure rest in the sound discretion of the court and be determined by the manner and appearance of the witness. *People* v. *Cotton,* 250 Ill. 338.

If this were a close case the error in unduly restricting counsel in examining the witness might be fatal, but we are of opinion the State's proof is so strong that the error

should not reverse the judgment. If any act of intercourse between defendant and the Chism girl took place it was on the rear seat of the automobile. Sisk did testify he did not see any such act, and the only difference between what he testified to and what defendant's counsel say he told them before he was put on the stand is, they say he said he would testify no such act occurred and that if it had occurred he could have seen it. The girl herself made no complaint of the defendant's conduct. She appears to have been adjudged a delinquent in February and to have been known to the police. The prosecution was instituted by others than the girl, and no reason or motive is apparent why she and Gladys Crane, who does not appear to be a very admirable character, should have testified falsely. Defendant's conduct in trying to keep the girl away from the trial is a circumstance which the jury had a right to consider as not being likely to be conduct of a man who was conscious of his innocence.

Defendant attempted, in cross-examination of the State's witnesses, to show the Chism girl's reputation for chastity was not good, but the court sustained objection to the question. Without reference to the impropriety of the manner in which it was sought to prove the girl's reputation for chastity, the evidence was incompetent in this case. The girl was under sixteen years of age and the act was accomplished with her consent. Evidence of unchastity is not competent in such cases. *People* v. *Gray,* 251 Ill. 431.

No prejudicial error was committed by the court in giving and refusing instructions.

The judgment is affirmed.