[No. 22133. Department Two. December 2, 1929.]

THE STATE OF WASHINGTON, *Respondent,* v. FLORENCE MILES *et al., Appellants.*[1]

· [1]Reported in 282 Pac. 485.

*Kohlhase & Cooperman,* for appellants.
*Joseph A. Mallery,* for respondent.

HOLCOMB, J.—Appellants were convicted of the crime of maintaining a joint in a place known as the Lennox rooms in Cowlitz county, Washington, and sentenced accordingly. Their only assignment of error on appeal is the denial by the trial court of a new trial.

The errors of the trial court urged and argued are based upon certain portions of the cross-examination by the prosecutor of appellant Miles.

The testimony of the state tended to prove that in July, 1928, Federal agents visited the Lennox rooms in Kelso and purchased from appellant Miles a pint of moonshine whiskey. Appellant Morrison was not then present. On September 21, a constable purchased a pint of moonshine whiskey from Morrison at the Lennox rooms. On November 1, and again on December 3, Federal agents made similar purchases from appellant Morrison.

When appellant Miles testified on her own behalf, the prosecutor on cross-examination asked:

"Q. Where did you live before you come to Kelso? A. Hoquiam, Washington. Q. You ran the Tacoma rooms there? . . . A. Kept house, and I had the Tacoma rooms, my former husband and I. Q. Did you tell the government agents you had sold liquor in the Tacoma rooms? A. I did not. MR. KOHLHASE: Objected to as improper cross-examination. THE COURT: Objection sustained. MR. MALLERY: The state moves that the last answer be stricken from the record and the jury instructed to disregard it. THE

Court: Motion granted, and jury instructed to disregard it.".

It will be observed that upon objection by appellant, which was sustained, the state itself moved that the last answer be stricken and the jury instructed to disregard it, which motion was granted and the jury so instructed. ·

Under our consistent decisions, no error could arise therefrom.

At another point in the cross-examination of the same appellant as a witness, the following occurred:

·"Q. After you left Kelso in the early part of July, where did you go? A. I went to Raymond, Washington. Q. At the time the Federal men were there November first, did you state to Mr. Whitney and Mr. Fryant that you had sold liquor to anyone there about the fourth of July? A. I did not. Q. Did you hear their testimony in this case? A. I heard them say that. Q. That is absolutely false? A. Yes."

Appellants contend that this was a violation of their rights in that the prosecution attempted to circumvent the court's ruling on the former cross-examination regarding the same episode.

No objection was made to this cross-questioning or motion to instruct the jury to disregard the answers thereto. No error can be urged upon that state of the record.

It is further argued that the above constituted cross-examination by the prosecutor concerning sale of liquor at Hoquiam and at Raymond and tended to prejudice appellants by attempting to prove, at least by innuendo, other crimes in other places.

An examination of the testimony of witnesses Whitney and Fryant, who were the Federal agents referred to in the testimony, shows that appellant Miles

had admitted to them that, when they went to the Lennox rooms on the case in question, she was working for Morrison; that she had sold two drinks to another officer named Davis in July and a pint of whiskey; and that she recognized him when he came at the time in question and reminded her of it; that she had sold him a pint of moonshine whiskey at the Lennox rooms on either July 3 or 4. In direct examination she positively denied the testimony of the Federal agents as to sales of liquor on the occasions referred to. Her cross-examination complained of obviously had reference to the testimony of the officers as to her admissions of selling liquor at the Lennox rooms and not of selling liquor at Raymond as appellants seek to establish.

We find no error in the trial, and the judgment is affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and FRENCH, JJ., concur.