[No. 29561.   Department One.   June 28, 1945.]

THE STATE OF WASHINGTON, *Respondent,* v.
REINHOLD KOSANKE, *Appellant.*[1]

[1]Reported in 160 P. (2d) 541.

*Michael J. Kerley*, for appellant.

*Edward G. Cross*, for respondent.

GRADY, J.—The appellant, Reinhold Kosanke, was charged in an amended information with the crime of indecent assault and exposure as defined by Laws of 1937, chapter 74, p. 321, § 2 (Rem. Rev. Stat. (Sup.), § 2442 [P.P.C. § 118-195]). A trial before a jury resulted in a verdict of guilty, and from the judgment entered thereon the defendant has taken an appeal to this court.

By the act of 1937 the legislature amended certain sections of the criminal statutes and define three different crimes: (1) carnal knowledge of children; (2) indecent assault and exposure; (3) crime against nature. The title of the act is as follows:

"An Act relating to the crimes of carnal knowledge of children, crime against nature and indecent assault and exposure and amending sections 2436, 2442 and 2456 of Remington's Revised Statutes."

The amended information charged a violation of subd. 2 of § 2 of the act, which reads as follows:

"Every person who shall take any indecent liberties with or on the person of any female under the age of fifteen years, or make any indecent, or obscene exposure of his person, or of the person of another, whether with or without his or her consent, shall be guilty of a felony, . . ."

and was to the effect that appellant took indecent liberties with or on the person of a named female child and in her presence did at the same time make an indecent exposure of his person. Rem. Rev. Stat., § 2458 [P.P.C. § 113-73], also penalizes the making of any open and indirect or obscene exposure of his person or of the person of another and makes the offense a gross misdemeanor.

By demurrer and other challenges to its sufficiency throughout the trial, appellant contended that the amended

information was duplicitous in that it charged him with two felonies under one statute—taking indecent liberties with or on the person of a female under the age of fifteen years and making an indecent or obscene exposure of his person to her; also with a gross misdemeanor by making an open and indecent or obscene exposure of his person under another statute.

An examination of the statutes referred to and the amended information discloses that no attempt was made to charge appellant with a violation of Rem. Rev. Stat., § 2458. That statute relates to indecent or obscene exposure generally, while Rem. Rev. Stat. (Sup.), § 2442 (2), is limited to indecent or obscene exposure to female persons under the age of fifteen years. The amended information therefore is not open to the attack that it is duplicitous in that it charges offenses under §§ 2442 and 2458.

In passing upon a claim of duplicity in an information, we must have in mind that there are two classes of criminal statutes to be considered. One class defines a specific crime, or makes a certain act or acts a felony or misdemeanor, or either, or both, and provides different ways in or means by which the crime may be committed, all in one statute, and the other class may set forth several distinct acts and make the commission of each a separate crime, all in one statute.

There are many cases decided by this court in which we have construed statutes as falling within one class or the other. It is pointed out in them that, in determining the question, there may be many factors that will aid the court, such as the title of the act; whether there is a readily perceivable connection between the various acts set forth; whether the acts are consistent with and not repugnant to each other; and whether the acts may inhere in the same transaction. It would serve no useful purpose to cite all of the cases bearing on this subject, but illustrations of the first class of statutes are to be found in *State v. Pettit,* 74 Wash. 510, 133 Pac. 1014; *State v. Gipson,* 92 Wash. 646, 159 Pac. 792; *State v. Powers,* 152 Wash. 155, 277 Pac. 377; *State v. Hull,* 182 Wash. 681, 48 P. (2d) 225; *State v. St.*

*Clair,* 21 Wn. (2d) 407, 151 P. (2d) 181; and of the other in *Seattle v. Molin,* 99 Wash. 210, 169 Pac. 318, and *State v. Johnson,* 20 Wn. (2d) 494, 148 P. (2d) 320.

█ Tested by the rules set forth in our cases, it is clear that Rem. Rev. Stat. (Sup.), § 2442 (2), upon which the amended information was based, falls within the first class mentioned. That statute makes it a felony for a person to take any indecent liberties with or on the person of any female under the age of fifteen years, or to make to her any indecent or obscene exposure of his person. Either or both acts constitute the offense. The rule of pleading under such a statute was pronounced by us in *State v. Norgard,* 183 Wash. 208, 48 P. (2d) 618, as follows:

"The law has long been well settled in this state that where, in defining an offense, the statute enumerates a series of acts, either of which separately, or all together, constitute the offense, all such acts may be charged in a single count for the reason that, notwithstanding each act may by itself constitute the offense, all of them together do no more and likewise constitute one and the same offense."

The amended information therefore was not open to the objection that it was duplicitous.

The other assignment of error is that the prosecuting attorney was permitted to adduce testimony as to the fact of a conversation had between the wife of appellant and the parents of the prosecuting witness, and also with reference to activities of his wife in efforts to persuade the parents of the child not to testify at the trial of appellant.

█ The background of this assignment of error is that, on cross-examination of appellant, he was interrogated as to claimed efforts on the part of himself and his wife to persuade the parents of the child to move to the state of Idaho and take her with them so that they could not be required to attend his trial, and as to conversation he had with his wife on this subject.

This was not proper cross-examination, as the subject had not been referred to during the direct examination of appellant, but none of it was objected to at any time.

In considering this assignment of error, we think it only fair to counsel who has presented the case to this court to say that he did not represent the appellant at the trial of the case in the superior court, and it therefore has been necessary for him to present the appeal on the record as it came to him.

Any claim of error in respect to the cross-examination that might have been made cannot now be reviewed because of the failure to make appropriate objection. *State v. Paysse,* 80 Wash. 603, 142 Pac. 3; *State v. Murphy,* 101 Wash. 425, 172 Pac. 544; *State v. Jensen,* 114 Wash. 401, 195 Pac. 238; *State v. Miles,* 154 Wash. 412, 282 Pac. 485.

█ The respondent called the parents of the child as witnesses, and they testified as to the contacts the appellant and his wife had with them and what occurred at such times, also a witness who testified to a conversation he heard between appellant and his wife. None of this testimony was objected to. The same rule stated above also applies to this evidence.

The evidence was relevant and material. Conduct on the part of an accused person, or that of someone acting in his behalf at his request or with his knowledge and consent, having for its purpose the prevention of witnesses appearing and testifying at his trial, is a circumstance for the jury to consider as not being likely to be the conduct of one who was conscious of his innocence, or that his cause lacks truth and honesty, or as tending to show an indirect admission of guilt; but if the conduct is that of a third person, before the evidence is admissible it must be shown that such person was acting at the request of the accused, or that it was with his knowledge and consent. *State v. Melson,* 186 Wash. 8, 56 P. (2d) 710; *People v. Roberts,* 306 Ill. 240, 137 N. E. 802; *Davis v. Commonwealth,* 204 Ky. 601, 265 S. W. 10; *Ryal v. State,* 16 Okla. Crim. 266, 182 Pac. 253; *State v. Zullig,* 97 Ore. 427, 190 Pac. 580; *State v. Stone,* 111 Ore. 227, 226 Pac. 430; *Eacock v. State,* 169 Ind. 488, 82 N. E. 1039.

We do not understand from the argument of present counsel for appellant that he is contending anything con-

trary to the rules of law above set forth, but his contention, as we view it, seems to be: (1) that it did not appear that the activities of the wife of appellant were either at his request or with his knowledge or consent, at least as to a number of alleged acts on her part in calling upon the parents of the prosecuting witness; (2) that the conduct of the prosecuting attorney in going into the subject was in violation of Rem. Rev. Stat., § 1214 [P.P.C. § 38-9], (3) that the inquiries made by the prosecuting attorney were of such a prohibited and prejudicial character that objections thereto were not necessary as a prerequisite to a claim of error on appeal.

◼ We think, however, that a sufficient foundation was laid to permit evidence as to the activities of the wife of appellant. There was testimony that appellant and his wife made contacts with the parents of the prosecuting witness, and he had sought to have them go to the state of Idaho, where they and their child would be immune from subpoena, and that appellant accompanied his wife to the place where the parents of the child were employed and she had a private conversation with them, and that when she returned she stated to appellant in the presence of a witness to the effect that nothing could be done without consultation between the attorneys of the parties and the judge, and that appellant had stated to his wife to the effect that she and Irene (the child) had started this thing and they would have to get him out of it. The jury had the right to conclude that whatever the wife of appellant did with reference to any persuasion to have the witnesses absent themselves from the trial was either at the request of the appellant or was done with his knowledge and consent.

◼ The other branches of the assignment of error present a more difficult question. The gist of the argument is that the prosecuting attorney, by indirect methods, sought to put the appellant in a position where he would either have to call his wife as a witness to refute the testimony given or to suffer what inferences the jury might draw because she did not testify, and that indirectly, at least,

Rem. Rev. Stat., § 1214, which provides that a wife shall not be examined for or against her husband without his consent was violated, and that the error can be urged even though no objections were made at the time the inquiry was made. In support of this argument, counsel cite cases where the prosecuting attorney had called the wife of the defendant as a witness (*State v. McGinty*, 14 Wn. (2d) 71, 126 P. (2d) 1086), or had her called into the courtroom before the jury so that her appearance would plainly indicate her condition which was a material fact to be proved in the case being prosecuted against the defendant (*State v. Winnett*, 48 Wash. 93, 92 Pac. 904), or from improper cross-examination of a defendant's wife and rebuttal testimony the jury might infer that she had made admissions tending to establish her husband's guilt (*State v. Stanley*, 170 Wash. 429, 16 P. (2d) 817), in which it was held that the conduct of the prosecuting attorney was improper in that it compelled the defendant to invoke the privilege of the statute in the presence of the jury, or to support it would sanction a practice which might result in much evil, and that such conduct was prejudicial error. Other cases are cited by counsel in which errors committed by the court or counsel for the prevailing parties were of such a character that they either denied to the defendant a substantial right or were so highly prejudicial that the error could not be cured, in which it was held that they would be reviewed on appeal even though no objection was made at the time.

In none of the cases cited did the court go so far as to hold that relevant and material evidence could not be adduced merely because, in order to refute the same, the wife of a defendant might have to be called as a witness. In this case the wife of appellant was not called as a witness by respondent, nor was the attention of the jury called to her in such a way as to require objection on the part of appellant in order to preserve his rights under the statute. The appellant and his wife had made overtures to the parents of the prosecuting witness having for their purpose the persuasion of the parents and their daughter to

be absent from the trial of appellant. The protection afforded by the statute does not go so far as to preclude such a situation being proven, and the fact that refutation of competent evidence would require the wife being a witness does not make it erroneous to adduce the testimony. The statute was not violated either directly or indirectly.

■ The appellant has urged his objections with much force owing to the fact that he was convicted upon the uncorroborated testimony of the prosecuting witness, a girl of the age of thirteen years, as to the principal elements of the crime charged, and we have considered the whole question with the same thought in mind, but the question of the guilt or innocence of the appellant was one for the jury to determine, and if the jurors believed the testimony of the prosecuting witness they were fully justified in rendering a verdict of guilty.

The judgment is affirmed.

BEALS, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.