IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>        Respondent,<br><br>        v.<br><br>ROBERT PATRICK ARVISO,<br><br>        Appellant. | No. 84798-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — A jury convicted Robert Patrick Arviso of assault in the fourth degree and attempting to elude a police vehicle. He argues that, at sentencing, the court should not have included in his offender score an out-of-state conviction because its predicate conviction is now not comparable to any Washington crime following State v. Blake, 197 Wn.2d 170, 481 P. 3d 521 (2021). We disagree and affirm the superior court.

## I.     BACKGROUND

In 2003, Arviso pled "nolo contendere," or effectively guilty, to felony unlawful possession of a firearm in California in violation of former California Penal Code ("CPC") § 12021(a)(1) (2002) (the "2003 conviction"). State v. Olsen, 180 Wn.2d 468, 478, 325 P.3d 187 (2014) (explaining the meaning of "nolo contendere" under CPC § 1016(3)). His 1987 conviction for possession of a

controlled substance, under former California Health & Safety Code ("CHSC") § 11377(a) (1987), served as the predicate offense for his 2003 conviction.

In December 2022, Arviso, now in Washington, pled guilty to one count of assault in the fourth degree with a domestic violence indicator and of attempting to elude a police vehicle. At sentencing, Arviso argued that the court should not include the 2003 conviction in his offender score. Arviso asserted that the court must exclude that offense because Washington law would not recognize the 1987 drug possession offense underlying his 2003 conviction. As is well known, our Supreme Court in Blake held that the former simple unlawful possession of a controlled substance statute was unconstitutional. 197 Wn.2d at 174. As his counsel stated, "if [the 2003 conviction] had happened in Washington . . ., that conviction would be vacated."

The sentencing court rejected this argument, finding that there was "no case law on this argument of yours" and that Blake does not "invalidate other states' possession laws, nor his conviction in another state for that" crime.

Arviso appeals.

## II.    ANALYSIS

### A. Law

Proper application of the Sentencing Reform Act, chapter 9.94A RCW, (SRA) "ensure[s] that defendants with equivalent prior convictions are treated the same way, regardless of whether their prior *convictions* were incurred in Washington *or elsewhere*." State v. Morley, 134 Wn.2d 588, 602, 952 P.2d 167 (1998) (emphasis added).

To calculate an offender score, a court must "'(1) identify all prior convictions; (2) eliminate those that wash out; [and] (3) 'count' the prior convictions that remain[.]'" Pers. Restraint of Raymundo, 6 Wn. App. 2d 75, 78-79, 429 P.3d 819 (2018) (quoting State v. Moeurn, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010)). "[T]he trial court uses 'all other current and prior convictions as if they were prior convictions.'" Id. at 79 (quoting RCW 9.94A.589(1)(a)). "Out-of-state convictions for offenses shall be classified according to the *comparable* offense definitions and sentences provided by Washington law." RCW 9.94A.525(3) (emphasis added).

The SRA directs courts to employ a two-part test to establish whether an out-of-state conviction is "comparable" to Washington law. State v. Thiefault, 160 Wn.2d 409, 415, 158 P.3d 580 (2007). First, the sentencing court must compare the elements of the out-of-state crime with the elements of the Washington criminal statute in effect when the foreign crime was committed. Pers. Restraint of Lavery, 154 Wn.2d 249, 255, 111 P.3d 837 (2005) (describing this first step as ensuring "legal comparability").

Washington courts have "consistently confirmed that legal comparability is satisfied when the *elements* of the foreign offense are comparable to those of a Washington offense." State v. Jordan, 180 Wn.2d 456, 465, 325 P.3d 181 (2014) (emphasis added). "Elements" are "factual components that must be proved by the state beyond a reasonable doubt . . ." State v. Allen, 192 Wn.2d 526, 535, 431 P.3d 117 (2018). And, if the elements of the crime are identical or "substantially similar," "'the inquiry ends.'" Jordan, 180 Wn.2d at 461 (quoting State v. Sublett, 176 Wn.2d 58, 87, 292 P.3d 715 (2012) (plurality opinion)).

Second, the court may still include the prior conviction in the Washington offender score if the convictions are factually comparable. Lavery, 154 Wn.2d at 255. A conviction is factually comparable if the defendant's conduct would have satisfied the elements of the Washington offense. Id. at 255-56.

"The State bears the burden of proving the existence and comparability of all out-of-state convictions." Olsen, 180 Wn.2d at 472. "We review a trial court's offender score calculation de novo." State v. Schwartz, 194 Wn.2d 432, 438, 450 P.3d 141 (2019).

B. Discussion

Arviso again on appeal contends the sentencing court erred in finding his 2003 conviction and the Washington unlawful possession of a firearm offense legally comparable. Arviso makes three specific arguments in support. We conclude each is unavailing.

Arviso first asserts the elements of the two statutes, RCW 9.41.040[1] and former CPC § 12021(a)(1), are not substantially similar enough to be legally comparable. Specifically, Arviso asserts that the California statute is broader than (and, thus, not comparable to) the Washington statute because the California statute includes a provision prohibiting people "addicted to the use of any narcotic"

---

[1] When we compare statutes, we apply the law existing at the time of the conviction. See Pers. Restraint of Lavery, 154 Wn.2d 249, 255, 111 P.3d 837 (2005) (holding that "the elements of the out of state crime must be compared to the elements of a Washington criminal statute in effect *when the foreign crime was committed*") (emphasis added)). As the State asserts and Arviso does not challenge, there are no relevant substantive differences between the elements of Washington's RCW 9.41.040 between the 2003 version, the year of the Arviso's California conviction, and the version presently in effect. LAWS OF 1997, ch. 338, § 47.

from possessing firearms.

To assess this argument, we are tasked with comparing the elements of the relevant[2] Washington statute to those of the California statute. Morley, 134 Wn.2d at 606.

For its part, RCW 9.41.040(2)(a)(i)(A) states that:

> A person . . . is guilty . . . of unlawful possession of a firearm . . . if the person . . . *has in the person's . . . possession* . . . any firearm [after being found guilty of] . . . *[a]ny felony* . . . .

(emphasis added).

Former CPC § 12021(a)(1) defines unlawful possession of a firearm in California as:

> *Any person who has been convicted of a felony* under the laws . . . any . . . government, . . . *or* who is addicted to the use of any narcotic drug, *and* who *. . . has in his or her possession . . . any firearm* is guilty of a felony.

Former CPC § 12021(a)(1) (2002) (emphasis added).

It is true that each statute in part simply requires (1) a prior conviction of a qualifying felony and (2) possession of a firearm. RCW 9.41.040(2)(a)(i); former CPC § 12021(a)(1). However, the California statute includes as an alternative means of committing the crime to be a person "addicted to the use of any narcotic drug" possessing a firearm.[3] Former CPC § 12021(a)(1).

Our Supreme Court's decision in Matter of Canha, 189 Wn.2d 359, 402 P.3d

---

[2] Both parties choose to conduct the comparability analysis by reference to RCW 9.41.040(2)(a), which comparator we adopt for purposes of this opinion.

[3] An alternative means crime is one where the statute sets out a "single offense . . . committable in more than one way." State v. Arndt, 87 Wn.2d 374, 377-78, 553 P.2d 1328 (1976) (quoting State v. Kosanke, 23 Wn.2d 211, 213, 160 P.2d 541(1945)).

266 (2017), is instructive. There, the court chose to perform the comparability analysis between voluntary manslaughter in California and "three possible comparable offenses in Washington: manslaughter in the first degree, manslaughter in the second degree, and murder in the second degree." Id. at 368-71. The court held that none of the Washington offenses was legally comparable to California's manslaughter statute because none had "the same alternative means as the California manslaughter statute—voluntary, involuntary, and vehicular." Id. at 371. For example, the court held that "Washington second degree manslaughter is not comparable to California voluntary manslaughter. California voluntary manslaughter is broader, criminalizing behavior like vehicular manslaughter, not only killings resulting from criminal negligence." Id. at 370.

In the same way, regardless of how one characterizes the mental state of one who "is addicted to narcotics," the State points to no Washington law that has a comparable alternative means in an unlawful possession of firearm statute.

Therefore, undertaking our standard analysis, the sentencing court erred to the extent it found that the California felon in possession statute was legally comparable to the relevant Washington statute when it calculated Arviso's offender score. The California statute is broader than Washington's by including the alternative means of criminalizing the possession of firearms by people "addicted to the use of any narcotic."

But also as in Canha, "we move to the factual comparability analysis." Id. at 371. And there, "we must discern what the elements of California [unlawful possession] are and whether [Arviso's] conduct of committing [unlawful

possession] would have violated a Washington statute."

More specifically, we are required, when conducting a factual comparability analysis, to determine whether the defendant's conduct, as evidenced by the indictment or information, or perhaps the records of the foreign conviction, would have violated the Washington counterpart. Morley, 134 Wn.2d at 606; Lavery, 154 Wn.2d at 255. The underlying facts in the foreign record must be admitted, stipulated to, or proven beyond a reasonable doubt. Lavery, 154 Wn.2d at 258. If in convicting the defendant, the foreign court necessarily found facts that would support each element of the comparable Washington crime, the foreign conviction counts toward the defendant's offender score. State v. Russell, 104 Wn. App. 422, 441, 16 P.3d 664 (2001).

Here, the elements of both laws simply requires (1) a prior conviction of a qualifying felony and (2) possession of a firearm. RCW 9.41.040(2)(a)(i); former CPC § 12021(a)(1). And in 2003, Arviso pleaded no contest to this charge, which is the same as a guilty plea and, as such, admits every element of the crime charged. Olsen, 180 Wn.2d at 478. In turn, the same behavior (prior conviction and possession) would satisfy the Washington statute and the crimes are legally comparable, and its inclusion in his offender score was proper.

In response, Arviso turns to "constitutional" arguments. Namely, and second, Arviso argues that—because "the State must prove the constitutional validity of the predicate offense as a [sic.] element of the crime" when prosecuting a firearm possession offense in Washington—the State must also prove that "the conduct underlying the predicate felony could be criminalized under a

7

constitutionally valid Washington law" when showing that a foreign firearm possession conviction is comparable at sentencing. Br. of Appellant at 7 (citing State v. Swindell, 93 Wn.2d 192, 197, 607 P.2d 852 (1980)). In other words, Arviso claims the State must prove, as part of its comparability showing, that one could constitutionally use, *under Washington's own laws*, CHSC § 11377(a) as the predicate offense for former CPC § 12021(a)(1).

We hold that neither the plain language of the statutes in question nor any Washington case law directs a trial court to examine—under the principles of our own State's constitution—the constitutionality of another state's predicate offense when conducting the legal comparability test of the conviction sought to be included in a defendant's offender score.

As to the plain language, RCW 9.94A.525(1)(a) states that "other current offenses" within the definition of RCW 9.94.589 are included in the offender score calculation. RCW 9.94.589(1)(a) typically includes in the scope of "two or more current offenses" "all other current and prior *convictions*," whether in this state or in other states under different laws. (Emphasis added.) Neither statute requires appellate courts to conduct a secondary analysis of the underlying predicate offense of an out-of-state crime under Washington law. In sum, under the plain terms of the SRA, a court need not scrutinize out-of-state predicate offenses under our principles of our own constitution when determining the comparability of the conviction actually sought to be included in a defendant's offender score.

As to the case law, Arviso acknowledges that "the California drug possession statute remains good law in California," but asserts "its Washington

8

analog was rendered unconstitutional in *Blake*," and thus the California law is not comparable to any Washington offense. Arviso cites to State v. Markovich, 19 Wn. App. 2d 157, 172-74, 492 P.3d 206 (2021)), which did grant the defendant resentencing where the foreign conviction directly included in the calculation of his offender score was "simple drug possession." This argument fails for several reasons.

Unlike in Markovich, the conviction included in the score here was not the *arguably* void and incomparable conviction for "simple drug possession," CHSC § 11377(a). The conviction included here was felony possession of a firearm under former CPC § 12021(a)(1) and, as established above, that statute is nearly legally identical to RCW 9.41.040. When that is so, "'the inquiry ends.'" Jordan, 180 Wn.2d at 461 (quoting Sublett, 176 Wn.2d at 87 (plurality opinion)).

Moreover, there was no discussion below and Arviso offers no authority (or even briefing on appeal) that demonstrates that CHSC § 11377(a) is similar to RCW 69.50.4013, the Washington simple drug possession offense invalidated by Blake. In the only substantive reference to CHSC § 11377(a) in his opening briefing, Arviso simply asserts that it "most resembles" RCW 69.50.4013. There is no comparability analysis of the two statutes.

This omission matters because, in a similar context, our Supreme Court has held that it is the State's burden to prove constitutionality *"only after"* a defendant first raises unconstitutionality as a defense. State v. Summers, 120 Wn.2d 801, 811-12, 846 P.2d 490 (1993) (considering the predicate offense requirement in the Uniform Firearms Act, former RCW 9.41.040 (1992)). Arviso never challenged the

constitutionality of CHSC § 11377(a) under California laws or federal law, and never explains here how CHSC § 11377(a) is similar to RCW 69.50.4013 or why the former would be unconstitutional under Washington law. Instead he is asking us, at this late date, to effectively discard the firearms conviction based upon his singular statement that CHSC § 11377(a) "most resembles" an invalid law.

Stated otherwise, to raise a constitutional challenge to the predicate offense, it is Arviso who bears the initial burden of making a "colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction." Id. at 812. The State bears no burden to prove the constitutionality of Arviso's 2003 conviction or its underlying predicates without such an initial showing.

Finally, Arviso argues that, "[t]hough the [firearms] statutes contain similar language, the offenses are not legally comparable because Washington requires proof of a constitutionally valid predicate felony to sustain a conviction," and California does not. It is in that sense that Arviso avers that the "constitutional validity of the predicate felony required under RCW 9.41.040 is an element of the crime that the State must prove beyond a reasonable doubt." Br. of Appellant at 10 (citing State v. Gore, 101 Wn.2d 481, 486-87, 681 P.2d 227 (1984)).

While that statement may be true, our Supreme Court in Jordan warned against conflating *conviction* requirements with *sentencing* requirements, stating "[w]ell-settled precedent recognizes that the sentencing process is 'less exacting than the process of establishing guilt.'" 180 Wn.2d at 462 (quoting Nichols v. United States, 511 U.S. 738, 747, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994)). No case law requires a *sentencing* court to analyze the constitutionality under

Washington law of another state's predicate offense of a felony conviction.

The heightened analysis Arviso advocates for would require the type of "'mini-trial over [a] prior conviction' we have consistently rejected." Id. at 466-67 (quoting State v. Wiley, 124 Wn.2d 679, 686, 880 P.2d 983 (1994)). Our Supreme Court held that comparing Texas' self-defense laws underlying a prior conviction with Washington's for "exact equality" would have "far-reaching effects." Id. at 465-66. That court explained that with overly nuanced comparisons, "many otherwise comparable convictions for serious violent offenses would go uncounted." Id. at 466.

In light of these substantial practical concerns, we decline the invitation to require trial courts to examine the constitutionality of another state's predicate offenses under the principles of our state law every time they sentence someone.

III.     CONCLUSION

We affirm the superior court.

Díaz, J.
_____

WE CONCUR:

Feldman, J.
_____

Coburn, J.
_____