PEOPLE v WILLIAMS

Docket Nos. 110466, 110481. Submitted November 9, 1989, at Detroit. Decided December 19, 1989.

Ida Bernice Williams was charged with second-degree murder and possession of a firearm during the commission of a felony. Following preliminary examination in 36th District Court, magistrate Ricardo J. Lubienski, J., dismissed the charges, finding that the evidence presented did not establish probable cause to believe Williams committed the offenses charged. The people appealed to the Recorder's Court for the City of Detroit by leave granted. The court, Evelyn K. Cooper, J., sitting as an appellate judge, remanded the matter to Judge Lubienski for further examination with specific regard to the admission of a statement made by Williams' husband during the investigation. Judge Lubienski had ruled the statement was inadmissible on the basis of marital privilege. By the time the matter made its way back to the district court, Judge Lubienski had resigned, and the matter was assigned to Judge Thomas Roumell. Following a hearing, Judge Roumell concluded that Judge Lubienski had misconstrued the facts and was in error when he denied the people's request that Williams be bound over for trial. Judge Roumell ordered that Williams be bound over for trial in Recorder's Court. Defendant filed motions in Recorder's Court to quash and dismiss the information and to suppress the admission of evidence of the pistol retrieved from defendant's home, the statement made by defendant's husband to a 911 telephone operator, and defendant's conduct after she observed the police administering a gunpowder residue test to her husband. The court, Prentis Edwards, J., granted defendant's motions to suppress evidence of the statement made by defendant's husband and evidence of defendant's conduct following the gunpowder residue test on her husband, but denied the motions to quash and dismiss the charges and to suppress

REFERENCES

Am Jur 2d, Criminal Law §§ 418, 419, 947, 948; Witnesses §§ 148, 149, 155, 156.

Admissibility, in criminal case, of results of residue detection test to determine whether accused or victim handled or fired gun. 1 ALR4th 1072.

evidence of the pistol. The people appealed by leave granted from the trial court's orders granting defendant's motions to suppress evidence of the statement and defendant's behavior. Defendant appealed by leave granted from the denial of her motions to quash and dismiss and to suppress evidence of the pistol. The appeals have been consolidated.

The Court of Appeals *held:*

1. The marital privilege is a testimonial privilege which is inapplicable to the husband's statement to the 911 operator because defendant's husband was not required to testify. The trial court erred in suppressing evidence of the statement.

2. The trial court abused its discretion in ruling that evidence of defendant's behavior following the gunpowder residue test on her husband was substantially more prejudicial than probative. The evidence was relevant because it could be inferred that defendant had taken evasive action following administration of the test to her husband, and defendant remained free to testify as to her version of what occurred or to argue that a different inference should be drawn. The attempted administration of a gunpowder residue test to defendant did not violate her right against self-incrimination.

3. Judge Roumell did not err in relying on the original preliminary examination transcript in making his decision to bind defendant over for trial.

4. Judge Roumell did not exceed the scope of the Recorder's Court's remand order by reevaluating Judge Lubienski's conclusions. The court properly denied defendant's motion to dismiss.

5. The court correctly denied defendant's motion to suppress evidence of the search warrant which was obtained in part on the basis of information conveyed to the police by defendant's husband. The marital privilege does not bar information from being given by one's spouse to the police.

The orders denying defendant's motions to quash and dismiss and to suppress evidence of the pistol are affirmed. The orders granting defendant's motions to suppress evidence of her husband's statement to the 911 operator and her behavior following the gunpowder residue test on her husband are reversed.

1. WITNESSES — MARITAL PRIVILEGE.

The marital privilege precludes examination of one spouse as a witness against the other without the permission of the nonwitness spouse; it does not apply to statements made by one of the spouses to a third person or to the police (MCL 600.2162; MSA 27A.2162).

2. Criminal Law — Evidence — Gunpowder Residue Test — Self-
Incrimination.

    The administration of a gunpowder residue test to a person
    suspected of murder does not violate the person's right against
    self-incrimination.

3. Criminal Law — Preliminary Examinations — Appeal — Re-
mand — Successor Judges — Use of Transcript.

    The transcript of the original preliminary examination could
    properly be examined by a successor judge where the judge who
    conducted the original preliminary examination resigned before
    the matter was returned to the court for further examination
    and a determination of whether the defendant should be bound
    over for trial on the basis of all the evidence adduced (MCR
    2.630).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
the Criminal Division, Research, Training and
Appeals, and *Larry L. Roberts,* Assistant Prosecut-
ing Attorney, for the people.

*Lawrence W. Rattner,* for defendant.

Before: Gillis, P.J., and Michael J. Kelly and
R. B. Burns,* JJ.

Per Curiam. In Docket No. 110466, the prose-
cutor appeals by interlocutory leave granted from
the trial court's orders granting defendant's mo-
tions to suppress evidence of her husband's state-
ment to a 911 operator on the basis of marital
privilege, MCL 600.2162; MSA 27A.2162, and evi-
dence of her conduct after she observed the police
administering a gunpowder residue test to her
husband. We reverse. In Docket No. 110481, defen-
dant appeals by interlocutory leave granted from
the court's orders denying her motions to dismiss

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

and to suppress evidence of the murder weapon on the basis that it was seized pursuant to a search warrant which included defendant's husband's statements. We affirm.

The prosecutor first claims that the trial court erred when it suppressed evidence of defendant's husband's statement to a 911 operator to the effect that "[a] woman just shot her tenant." The prosecutor claimed that the statement was an excited utterance and, therefore, the 911 operator could testify as to the statement made. MRE 803(2). The court ruled that the marital privilege applied. We disagree. The marital privilege is a testimonial privilege which is inapplicable here because defendant's husband was not required to testify. *People v DeWitt,* 173 Mich App 261, 265-266; 433 NW2d 325 (1988). Instead, the 911 operator would testify to the statement if indeed the court determined that a hearsay exception applied or the tape would be played if it were otherwise properly introduced. *Id.*

The prosecutor also claims that the court improperly suppressed evidence of the defendant's actions after she observed the police performing a gunpowder residue test upon her husband. Defendant subsequently went into the bathroom and allegedly soiled her hands with fecal matter. She washed her hands and, therefore, no gunpowder residue test could be performed. The prosecutor claimed that defendant's actions could be considered as having been done to avoid the test and, thereby, were indicative of guilt. Defense counsel argued that the evidence was inadmissible because defendant did not have an obligation to take the test and that her refusal to take the test should not be considered an admission of guilt given her right against self-incrimination. The prosecutor argued that the right against self-incrimination

did not apply, citing *Schmerber v California,* 384 US 757; 86 S Ct 1826; 16 L Ed 2d 908 (1966). Moreover, the prosecutor noted that defendant had not refused to take the test, but made it impossible for the police to take the test by soiling and washing her hands. When the court noted that the soiling may have been unintentional, the prosecutor argued that that was for the jury to decide. While the court was initially inclined to rule in the prosecutor's favor, it reconsidered and held that the evidence was substantially more prejudicial than probative and that defendant's right against self-incrimination would be implicated because she had a right to refuse to take the test.

We hold that the court abused its discretion when it ruled that this evidence was substantially more prejudicial than probative. MRE 403. Certainly, the evidence was relevant because it could be inferred that defendant had taken evasive action upon observing the test being administered to her husband. MRE 401. Defendant remained free to testify as to her version of what occurred or to argue that a different inference should be drawn.

Moreover, the attempted administration of a gunpowder residue test did not violate defendant's right against self-incrimination. See, e.g., *State v Ulrich,* 187 Mont 347; 609 P2d 1218 (1980), and *State v Chesney,* 166 Conn 630; 353 A2d 783 (1974), cert den 419 US 1004; 95 S Ct 324; 42 L Ed 2d 280 (1974).

We now turn to the issues raised in Docket No. 110481. Defendant claims that the court improperly denied her motion to dismiss because of two errors which she claims were committed by the examining magistrate who heard the matter following a remand. Defendant first claims that the successor examining magistrate abused his discretion in binding her over because he relied on the

original preliminary examination transcript which, at that time, was hearsay because there was no proof that the witnesses who originally testified were unavailable. MRE 804(b)(1). Here, the original examining magistrate dismissed the charges against defendant. The prosecution appealed and the trial court remanded the matter "for further examination and for a determination of whether the defendant should be bound over for trial on the basis of all evidence adduced." In the interim, the original examining magistrate left the bench. Another judge was assigned to hear the matter. We believe that this situation is analogous to the situation described in MCR 2.630 and, therefore, hold that, given the circumstances of this case, the successor magistrate could properly rely on the original preliminary examination transcript in making his ruling. Cf. 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), Rule 2.630, comment, pp 763-764.

Defendant also claimed that the successor examining magistrate abused his discretion when he bound defendant over because he exceeded the scope of the trial court's remand order by reevaluating the original examining magistrate's conclusions. Having reviewed the trial court's remand order, including the language quoted in the previous paragraph, we hold that the successor examining magistrate's actions were proper. Hence, the trial court properly denied defendant's motion to dismiss.

Finally, defendant claims that the trial court improperly denied her motion to suppress evidence of the search warrant which was based in part on information her husband conveyed to the police. Defendant claimed that such information violated the marital privilege because she would have to

waive the privilege in order to challenge the search warrant. We agree with the trial court that the marital privilege is a testimonial privilege, MCL 600.2162; MSA 27A.2162, and does not bar information from being given by one's spouse to the police. *DeWitt, supra.*

In Docket No. 110466, the trial court's orders are reversed. In Docket No. 110481, the trial court's orders are affirmed.